UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

APRIL S.,[1]

                Plaintiff,

v.                                                                                            **DECISION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,                       6:20-cv-06837 (JJM)

                Defendant.
_____

        This is an action brought pursuant to 42 U.S.C. §405(g) to review the final determination of the Commissioner of Social Security that plaintiff was not entitled to social security disability ("SSD") benefits. Before the court are the parties' cross-motions for judgment on the pleadings [12, 13].[2] The parties have consented to my jurisdiction [15]. Having reviewed their submissions [12, 13, 14], the plaintiff's motion is granted, and the Commissioner's motion is denied.

## BACKGROUND

        The parties' familiarity with the 557-page administrative record ([11]) is presumed. The parties have comprehensively set forth in their papers the plaintiff's treatment history and the relevant medical evidence. Accordingly, I reference below only those facts necessary to explain my decision.

---

[1]    In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only the first name and last initial.

[2]    Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering. All other page references are to the CM/ECF pagination.

Plaintiff filed for benefits in June 2018, alleging a disability beginning on August 25, 2015, due to: herniated lumbar intervertebral disk, lumbar degeneration, a bleeding disorder, and post laminectomy syndrome of the lumbar region. Administrative Record [11] at 15, 157. Plaintiff's claim was initially denied. Id. at 15. An administrative hearing was held on August 20, 2019 before Administrative Law Judge ("ALJ") John R. Allen. Id. at 26-52 (transcript of hearing). Plaintiff, who was represented by an attorney, testified. Id., pp. 36-47. On October 29, 2019, ALJ Allen issued a decision finding that plaintiff was not disabled. Id. at 15-25. In reaching that determination, ALJ Allen found that plaintiff's severe impairment was lumbar degenerative disc disease. Id. at 17.[3] He acknowledged that the medial record showed plaintiff "has had over 3 surgeries and continues with daily low back pain and intermittent radicular pain the left leg". Id. at 22.

ALJ Allen ultimately concluded that plaintiff was not disabled pursuant to the Social Security Act from August 25, 2015 through the date of his decision. Id. at 25. He found the plaintiff had the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR §404.1567(a) and Social Security Ruling ("SSR") 83-10, with the following additional limitations:

> "[T]he claimant cannot climb ladders, ropes, or scaffolds; she can occasionally climb ramps or stairs, stoop, kneel, crouch, or crawl. The claimant must be allowed to change positions briefly (about 5 minutes) every hour, but she could continue on task while doing so."

Id. at 18. Based upon the RFC and the vocational expert's testimony, ALJ Allen found there were jobs that exist in the national economy that plaintiff could perform. Id. at 24.

---

[3]   ALJ Allen found that plaintiff's blood disorder (Willebrand's disease) was not a severe impairment. Id. at 17. Plaintiff does not challenge this finding.

Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ did not explain: 1) his assignment of weight to the various medical opinions in the record; 2) his rejection of various limitations found in the opinions to which he assigned partial weight; 3) how the medical evidence demonstrated that plaintiff was able to perform sedentary work, which requires an amount of sitting that plaintiff testified she was unable to do, even with the accommodation he incorporated into the RFC for changing positions for five minutes once per hour. Plaintiff's Memorandum of Law [12-1] at 21-24.

The Commissioner responds that substantial evidence supports the ALJ's RFC determination and cautions the court against re-evaluating the evidence. Commissioner's Brief [13-1] at 9-23.

Because I agree that ALJ Allen's analysis concerning the plaintiffs' ability to sit for extended periods of time and for overhead reaching was not supported by substantial evidence, I remand this case for further proceedings consistent with my analysis, below.

## ANALYSIS

**A.      Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938).

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process.  See Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920.  The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five.  Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

**B.        Was ALJ Allen's RFC Determination Supported by Substantial Evidence?**

To craft the RFC, ALJ Allen assigned "partial weight" [4] to three opinions in the record with only cursory analysis:

1. Consultative examiner Richard Benivegna, M.D.'s August 2018 report. Administrative Record [11] at 22.  Dr. Benivegna concluded the plaintiff had "moderate restrictions for prolonged sitting, standing, walking, climbing stairs, bending, kneeling, squatting, heavy lifting, carrying, and pushing".  Id. at 223.  ALJ Allen found Dr. Benivegna's opinion "consistent with his examination, finding abnormalities in the low spine affecting her gait and squat".  Id.

2. State agency medical consultant Gary Ehlert, M.D.'s September 2018 opinion. Id. at 22.  Dr. Ehlert opined that plaintiff was "capable of work at a light exertional level, with unlimited ability to crouch, crawl, or kneel, and occasional ability to climb, balance, or stoop.  Id.  ALJ Allen found that "the record as a whole supports a limitation that is more restrictive than that assessed by Dr. Ehlert".  Id.

3. Independent medical examiner Walter Levy, M.D.'s October 2017 opinion. Id.  Dr. Levy examined plaintiff in relation to her claim for workers' compensation benefits.  He concluded that plaintiff "should be able to do sedentary duty work ,with a 10 lb lifting limit, avoiding frequent turning, lifting and bending, and avoiding lifting above shoulder level".  Id. at 486. ALJ Allen noted that "Dr. Levy's opinion was rendered two years ago, and the evidence as a whole supports a provision for regular change in position". Id. at 22.

ALJ Allen assigned "little weight" or "no probative value" to the remaining opinions in the record.  Id. at 22-23.

---

[4]        Although plaintiff filed her claim on June 8, 2018, the Commissioner points out that "the ALJ erroneously cited the regulations applicable to claims filed before March 27, 2017" when he discussed the medical opinions.  Commissioner's Brief [13-1] at 11.  Plaintiff does not challenge this error.

It is well settled that the RFC need "not perfectly correspond with any of the opinions of medical sources cited in his decision" and an ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole". Matta v. Astrue, 508 Fed. Appx. 53, 56 (2d Cir. 2013) (Summary Order). *See also* Young v. Berryhill, 2018 WL 2752443, *2 (W.D.N.Y. 2018) ("[i]t is well settled that an ALJ need not adopt one or more medical opinions verbatim in order to render a sufficiently-supported RFC determination"). "The question is, instead, whether the ALJ's conclusion was 'supported by the record as a whole.'" Nieves v. Commissioner of Social Security, 2019 WL 4565112, *4 (S.D.N.Y. 2019) (*quoting* Tricarico v. Colvin, 681 Fed. Appx. 98, 101 (2d Cir. 2017) (Summary Order)).

"It is well-recognized that the ALJ need not adopt any opinion in its entirety, but rather is entitled to weigh all the evidence and adopt the limitations supported by the evidence". Butler v. Commissioner of Social Security, 2017 WL 2834482, *8 (N.D.N.Y. 2017). However, when an ALJ rejects an opinion from a medical source concerning plaintiff's functional abilities, or incorporates some portions of a physician's assessment but not others, he or she must explain why the opinions were not adopted. "The plaintiff here is entitled to know why the ALJ chose to disregard the portions of the medical opinions that were beneficial to her application for benefits." Dioguardi v. Commissioner of Social Security, 445 F.Supp.2d 288, 297 (W.D.N.Y. 2006).

The regulations and guidance which ALJ Allen cited demonstrate his understanding that sedentary work involves a significant amount of sitting:

> 1. *Sedentary work.*  The regulations define sedentary work as involving lifting no more than 10 pounds at a time . . . .  Although sitting is involved, a certain amount of walking and standing is often necessary in carrying out job duties.

> Jobs are sedentary if walking and standing are required occasionally . . . .
>
> "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday.

Social Security Ruling ("SSR") 83-10, 1983 WL 31251, *5 (Titles II and XVI: Determining Capability to Do Other Work – The Medical-Vocational Rules of Appendix 2) (1983); see also 20 C.F.R. §404.1567(a). Dr. Benivegna's opinion included "moderate restrictions for prolonged sitting", in addition to restrictions for other functional activities. ALJ Allen did not, however, discuss whether the RFC accommodated this restriction, or whether he rejected it. Because the ability to sit for at least "6 hours of an 8-hour workday" is an essential function of sedentary work, this omission could be determinative of plaintiff's claim. SSR 83-10, *5. Plaintiff testified she was able to sit for only 10-15 minutes before she "get[s] really uncomfortable and [has] to get up". Administrative Record [11] at 43. She testified she can be in the car "[m]aybe ten, 15 minutes". Id. at 45. She "can't go to a movie" because she "can't sit that long", but is able to "go out to dinner" occasionally and flew to Florida for a graduation. Id.

Plaintiff testified that she is sometimes (up to four times per week) required to lie down during the day for up to one hour at a time, to relieve her pain. Id. at 46. ALJ Allen summarized some of this testimony in his decision (id. at 19), and later found that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision". Id. at 21. However, he did not explain whether he found her testimony concerning her ability to sit for greater than 10-15 minutes at a time inconsistent with

the medical or other evidence, nor did he identify the medical or other evidence demonstrating that plaintiff's tolerance for sitting is consistent with the demands of sedentary work. Further, ALJ Allen did not discuss plaintiff's testimony that she had to lie down during the day for one hour at a time up to four times per week to relieve her symptoms.

Further clarification and analysis of plaintiff's ability to sit, and of her need to rest, could be determinative of her claim. The vocational expert testified that an individual who needed off-task breaks of "15 minutes twice in the first half of the workday and an additional 15 minutes twice in the second half of the workday" would be "preclude[d]" from "all unskilled work". Id. at 50-51.

ALJ Allen's analysis concerning overhead reaching suffers from similar deficiencies. Dr. Levy opined that plaintiff should avoid "any lifting above shoulder level". Id. at 22. Although ALJ Allen assigned "partial weight" to Dr. Levy's opinion, he did not state that he intended the RFC to accommodate this restriction, nor whether he rejected it. ALJ Allen does not discuss it at all. Reaching is a non-exertional impairment. 20 C.F.R. § 404.1569a(c)(1)(vi) ("[s]ome examples of nonexertional limitations or restrictions include . . . difficulty performing the manipulative or postural functions of some work such as reaching"). The Social Security Administration has recognized that limitations in overhead reaching can significantly affect the number of occupations available to an individual:

> "*Reaching, handling, fingering, and feeling* require progressively finer usage of the upper extremities to perform work-related activities. Reaching (extending the hands and arms in any direction and handling (seizing, holding, grasping, turning, or otherwise working primarily with the whole had or hands) are activities required in almost all jobs. Significant limitation of reaching or handling, therefore, may eliminate a large number of occupations a person could otherwise do. Varying degrees of limitations would have different effects, and the assistance of a

>    [vocational specialist] may be needed to determine the effects of
>    the limitations."

SSR 85-15, 1985 WL 56857, *7 (Titles II and XVI: Capability to do Other Work – The Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairment) (1985); *see also* Martinez v. Commissioner, 2017 WL 2633532, *3 (N.D.N.Y. 2017) ("[r]eaching is required in almost all jobs and a reaching limitation may eliminate a large number of occupations a person could otherwise do"). Although ALJ Allen was not required to accept Dr. Levy's opinion concerning overhead reaching, he *was* required to support his determination with substantial evidence, that is, a "sufficient explanation" resting on "adequate findings supported by evidence having rational probative force". Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002). Here, he failed to include any explanation in his analysis concerning Dr. Levy's overhead reaching limitation.

      Accordingly, this case is remanded for a proper analysis of plaintiff's ability to sit for the period of time required by sedentary work, and of her ability to reach overhead, including further development of the record, if necessary, as to plaintiff's functional limitations.

## CONCLUSION

      For these reasons, plaintiff's motion for judgment on the pleadings [12] is granted to the extent that this matter is remanded to the Commissioner for further proceedings consistent with this Decision and Order, and is otherwise denied. Accordingly, the Commissioner's motion for judgment on the pleadings [13] is denied.

**SO ORDERED**.

Dated: September 27, 2022

/s/ *Jeremiah J. McCarthy*
JEREMIAH J. MCCARTHY
United States Magistrate Judge